FILED IN CLERK'S OFFICE
U.S.D.C. Rome

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

JUN 01 2026

# UNITED STATES DISTRICT COURT

for the

_N_ ORTHERN District of _GEORGIA_

_____ Division

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

Case No. **4:26-CV- 139**

_(to be filled in by the Clerk's Office)_

DWIGHT SIDNEY HUNTER

_Plaintiff(s)_
_(Write the full name of each plaintiff who is filing this complaint._
_If the names of all the plaintiffs cannot fit in the space above,_
_please write "see attached" in the space and attach an additional_
_page with the full list of names.)_

-v-

NURSE KIM, NURSE DAILE

_Defendant(s)_
_(Write the full name of each defendant who is being sued. If the_
_names of all the defendants cannot fit in the space above, please_
_write "see attached" in the space and attach an additional page_
_with the full list of names. Do not include addresses here.)_

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should _not_ contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include _only_: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

    Name                            _____

    Job or Title *(if known)*     _____

    Shield Number        _____

    Employer              _____

    Address               _____

                                  *City*           *State*        *Zip Code*

☐ Individual capacity     ☐ Official capacity

Defendant No. 4

    Name                            _____

    Job or Title *(if known)*     _____

    Shield Number        _____

    Employer               _____

    Address               _____

                                    *City*           *State*        *Zip Code*

☐ Individual capacity     ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☒ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Deprivation of Right to not being subjected to cruel & unusual Punishment as provided by the Eighth Amendment of the United States Constitution due to a Deliberate indifference to a serious medical condition of hypertension- High Blood Pressure

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

    C.       What date and approximate time did the events giving rise to your claim(s) occur?

SEE ATTACHMENT A

    D.       What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

SEE ATTACHMENT A

## V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Delay in Medical Treatment for High Blood Pressure resulting in Prolonged Pain, Suffering, isolation, Humiliation, Distress, ultimately Medication.

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Injunctive Relief Against Nurse Daile from Practicing Medicine while Plaintiff remains at Gordon County Jail, Actual Damages of $5, And Punitive Damages of $15,000.00 per Defendant's

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☒ No

E.   If you did file a grievance:

1.   Where did you file the grievance?

Gordon County Jail - April 3 , 2026

2.   What did you claim in your grievance?

Claim was about being giving the wrong medication (someone elses) due to Nurse Kat Reckless Behavior in administration of medicine Resulting in Dizziness, loss of consciousness.

3.   What was the result, if any?

NONE - Statement was "Not At this time"

4.   What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

Administration Completed Grievance - Not Allowed to Appeal Decision

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☒ Yes

☐ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

Plaintiff(s)  DWIGHT SIDNEY HUNTER

Defendant(s)  JAILER WEST et. al

2.  Court *(if federal court, name the district; if state court, name the county and State)*

FEDERAL COURT U.S. District Court - Northern District of Georgia

3.  Docket or index number

Civil Action No. 4:26-CV-84-WMR-JHR

4.  Name of Judge assigned to your case

Magistrate Judge John H. Rains IV

5.  Approximate date of filing lawsuit

April 9 2026

6.  Is the case still pending?

☐ Yes

☒ No

If no, give the approximate date of disposition.  MAY 11, 2026

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

DISMISSED

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    5-27-26

Signature of Plaintiff    _Dwight Sidney Hunter_

Printed Name of Plaintiff    DWIGHT SIDNEY HUNTER

Prison Identification #    5875

Prison Address    Gordon County Jail - 2700 US 41 HWY NW

CAL Houn    Ga    30701

| City | State | Zip Code |

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Address    _____

_____

| City | State | Zip Code |

Telephone Number    _____

E-mail Address    _____

STATEMENT  OF  FACTS

— ATTACHMENT "A" —

PAGE 1

1. On April 3, 2026, Nurse Kat, An Employee of Southern Health Partners, while working at the Gordon County Jail, Calhoun, Georgia, administered the wrong Medication to Dwight Sidney Hunter ("Plaintiff"), which resulted in him becoming Dizzy, Lightheaded, eventually loss of Conciousness, leading to Plaintiff being Moved to An observation cell in Booking at the Jail to be observed, after check of Blood pressure showed high. Plaintiff Avers Nurse Kat behaved recklessly in response to the condition of doing a ministerid duty related to proper dispensation of medications to plaintiff.

2. On April 4, Plaintiff was released from observation in Booking And moved to C-POD.

3. On April 9, 2026, Plaintiff complained of pain in chest, headache, and was given A Blood Pressure check that resulted in a reading of 157 over something.

4. On April 10, 2026, at Pill Call for 05:45 a.m., Med Tech Haley Called Plaintiff to Administer A Blood Pressure check resulting in A reading of 200/120. After complaining of dizziness, mild chest pains, Plaintiff was told to Go back in Dorm, that he would be called out later for Another Blood Pressure ('B.P.') check.

5. On April 10, 2026, because of worsening of chest pains my family called the Jail, and at 09:30 A.M. Plaintiff was advised to pack his property to be moved to A New Location by Jailer.

6. On April 10, 2026, at 10:58 A.M. Plaintiff was relocated at the Jail to the Jail Infirmary for Observation.

ATTACHMENT A
(1)

- ATTACHMENT A -
PAGE 2

7. On April 10, 2026, after placement in Jail Infirmary, Plaintiff press call button due to chest pain, dizziness, headache, metallic taste in mouth, and pain, burning on left side. Call was Answered by MedTech Haley who stated that she would Notify The Lead Nurse Nurse Daile, an Employee of Southern Health Partners, Contracted to Provide Medical Services to and for Gordon County Jail, Calhoun, Georgia.

8. On April 10, 2026, at 11:30 A.M., Plaintiff spoke with Nurse Daile and related his medical condition and symptoms, but was advised that at this time Nurse Daile stated that Plaintiff cell could not be opened because there was no Officer Present and he left.

9. On April 10, 2026 at 01:16 P.M., Plaintiff pressed the Call Button complaining of the same symptoms described in item 7 of this Attachment and was told by MedTech Haley that she would once Again Notify Daile, who at that time had left the Jail to go to Calhoun Police Department to Get his Car Washed.

10. On April 10, 2026 at 02:00 p.m. Nurse Daile Returned with Jailer Pettijohn and did a B.P. check which Resulted in a High reading, advised he would check again in A.M.

11. On April 10, 2026 Plaintiff was informed that upon speaking with Nurse Daile, Plaintiff's Family Member was told By Nurse Daile that Plaintiff was a Violent Person, Locked up for Violent Crimes, and He does not Deserve Medical Care".

- ATTACHMENT 'A" -
(2)

- ATTACHMENT A -
PAGE 3.

12. On April 11, 2026, after notifying 2nd Shift Jailer of medical symptoms described in item 7 of this Attachment related to Blood pressure, the Jailer, and MEDTECH Haley came in to Work to check My B.P. which on First Check was 234/120, al Second Check 241/124, and on 3rd Check was 230/115.

13. On April 12, 2026, after complaining of Medical symptoms related to high B.P. described in item 7 of this Attachment, Lead Nurse Daile stated he would come back to do A B.P. check, however he never came back that day, and was advised by Nurse Daile he would be in the Jail Infirmary for a long time.

14. On April 13, 2026, MEDTECH Haley asked if Plaintiff if he had B.P. Check yet, and upon a Negative response, she administered a B.P. Check which was 178/120

15. On April 13, 2026, Nurse Daile spoke Again with Plaintiff family and stated Plaintiff was taking his Blood Pressure.

16. Plaintiff Avers that even though he has been housed in the Jail Infirmary for high B.P. and associated symptoms he has not had a B.P. check, even though requested from April 14, 2026 through April 16, 2026.

17. On April 17, 2026, Plaintiff requested B.P. Check as he was hurting in chest and B.P. was 179/88. Still no Medication Prescribed.

18. On April 18, 2026, Plaintiff's B.P. 149/80

19. On April 19, 2026, Complained of Dizziness, No response

- ATTACHMENT A -
(3)

- ATTACHMENT 1 -
PAGE 4

20. On April 20, 2026 through April 21, 2026, complained to Nurse Dale of pain in chest, dizziness, headache, but he stated both Days he would come back for B.P. Check but did not.

21. On April 21, 2026 through April 26, 2026 No B.P. Checks.

22. On April 27, 2026 B.P. 198/98

23. On April 28, 2026 through April 29, 2026 No B.P. check

24. On April 30, 2026 B.P. 240/120, Started B.P. Meds.

25. On May 1st, 2026 No B.P. Check, took B.P. Meds

26. On May 2, 2026 B.P. 138/78, Released from Jail Infirmary, relocated to A-Pod.

27. On May 3, 2026 B.P. 168/89, have Not had another B.P. Check since even though Nurse Dale keeps telling Plaintiff he will check B.P.

LEGAL ARGUMENT -

LEGAL STANDARD:

A: The Eighth Amendment of the United States Constitution provides that No person shall be subject to Cruel And Unusual Punishment, and when a Jail Staff behaves Recklessly in Response to a Serious medical condition he/she violates a Person's Civil Rights. See Pittman ex. rel. Hamilton v. City of Madison, Ill, 746 F.3d 766 (7th Cir 2014)

Further more, it is A violation of the Eighth Amendment to intentionally deny medical care for a Serious medical Need.

ATTACHMENT A-
(4)

- ATTACHMENT A -
PAGE 5

As well as Delaying Access to Medical Care which also constitutes deliberate inDifference. See Estelle v. Gamble 429 U.S. 97, 106 (1976)

Here is was so obvious that even a lay person would Recognize the Necessity for A Doctors Attention (Barton v. Taber 820 f.3d 958, 964 (8th Cir 2016) due to Plaintiff's extremely high Stroke Level Blood Pressure. And Defendant's Knew or should have Known and disregarded Plaintiff's serious Medical need by isolating him And failling to admistration of proper medication to allevicate symptoms of high blood pressure And pain. for An extended Amount of Time, Deliberate In Difference to his Need constituted unNecessary And wanton infliction of Pain. See Gregg v. Georgia 428 U.S 153 (1976)

A Prisoner states An Eighth Amendment claim based on the deficient Medicare by Alleging that (1) He has An objectively Serious medical condition, which Plaintiff has (2) Defendant's Knew he had A serious Medical Condition, which Plaintiff has shown, and (3) Defendant's Disregarded his Serious Medical Condition, which Nurse Drake did. See Arnett v. Webster 658 F.3d 742, 750 (7th Cir 2011); Forbes v Edgar 112 F.3d 262, 266 (7th Cir 1997)

ATTACHMENT A
(5)

- ATTACHMENT "B" -

VIII. PREVIOUS LAWSUITS

E. HAVE you filed other Lawsuits in STATE OR FEDERAL COURT otherwise relating to the Conditions of your IMPRISONMENT?

☒ YES    ☐ NO

F. IF YOUR ANSWER to E is yes, describe each Lawsuit by ANSWERING Questions 1 through 7

1. Parties to Previous Lawsuit

   Plaintiff(s): DWIGHT SIDNEY HUNTER

   DEFENDANT(S): SHERIFF MITCH RALSTON, et. al.

2. COURT:

   FEDERAL COURT - U.S. District COURT - Northern District of GEORGIA

3. Docket or INDEX NUMBER: Civil Action No! 4:26-CV-98-WMR-JHR

4. NAME of JUDGE Assigned to CASE: MAGISTRATE JUDGE JOHN H. RAINS IV

5. APPROXIMATE DATE OF Filing: April 22, 2026 (?)

6. IS CASE STILL PENDING? ☐ YES  ☒ NO

   IF NO, GIVE DATE OF DISPOSITION. MAY 11, 2026

7. WHAT WAS RESULT OF THE CASE?

   DISSMISSED WITHOUT PREJUDICE

ATTACHMENT B

(1)

- VERIFICATION -

I DECLARE (CERTIFY, VERIFY, OR STATE) that the
Foregoing is True & Correct

EXECUTED ON
5-27-26

x Dwight S Hunter
                    Plaintiff
Dwight S Hunter
5875
GORDON County Jail
2700 U.S. 41 HWY NW
CALHOUN, GA 30701

VERIFICATION
(1)